# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0392V

| | |
|---|---|
| AMIR GOLDKORN,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 10, 2025 |

*Jessi Carin Huff, Maglio Christopher & Toale, PA, Seattle, WA*, for Petitioner.

*Mary Novakovic, U.S. Department of Justice, Washington, DC*, for Respondent.

### ORDER DENYING MOTION[1]

On March 13, 2024, Amir Goldkorn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 12, 2022. Petition at ¶4, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 19, 2024, I issued a Ruling on Entitlement in Petitioner's favor. ECF No. 21. As the text of the Ruling sets forth, Petitioner had a right to seek redaction of that document, but if so was obligated to act within the timeframe set by Vaccine Rule 18(b).

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 21 at 1 fn.1 ("[i]n accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy"). Petitioner did not seek to redact the Ruling within that two-week period, and the Ruling was thereafter publicly posted on January 22, 2025. The Ruling may now be found in legal research databases. *See*, *e.g.*, *Berthold v. Sec'y of Health & Human Servs.*, No. 24-0417V, 2024 WL 5199727, 2024 U.S. Claims LEXIS 3318\* (Fed. Cl. Spec. Mstr. Nov. 20, 2024).

On February 21, 2025, I issued a Decision Awarding Damages based on the proffer agreed to by the parties. ECF No. 30. Twenty-seven days later, on March 20, 2025, Petitioner filed a Motion for Leave to File Motion for Redactions Out of Time, seeking to file a motion to redact Petitioner's name in the Decision. *See* ECF No. 31-32. The proposed motion to redact advocates for redacting Petitioner's name to his initials in the Decision, but was silent on the Proffer that had been attached to the Decision, which also includes his full name. ECF No. 32. Petitioner also did not request redaction of the prior December 2024 Ruling. *Id*. Petitioner states that his request "stems from [his] employment as a physician and the unfortunate likelihood of discrimination based on his medical condition." ECF No. 32 at 2. Petitioner argues that disclosure of his name "jeopardizes [his] professional prospects." *Id*.

On March 25, 2025, Respondent filed a response in which he sets out the relevant law regarding redaction, but ultimately, defers resolution of the matter to my discretion. ECF No. 33 at 5.

Petitioner's redaction request seems to have been made in good faith, and even has some substantive basis due to the nature of his employment in the medical field. But I must deny it. First, the Decision Awarding Damages reveals little about Petitioner beyond his name, injury, and the amount awarded. *See* ECF No. 30. It does not include any details about his medical history. *Id.* In such circumstances, redaction is generally *not* warranted – for the bare fact of having brought a Vaccine Act claim, and received damages for it, does not involve disclosure of personal information (and were it otherwise, *all* Program decisions would be subject to redaction).

Second, and perhaps more importantly, the motion is procedurally defective. Petitioner's request was filed almost *two weeks* after the expiration of the 14-day timeframe set by Vaccine Rule 18(b). *See* ECF No. 31. And it follows a failure to seek redaction of the underlying entitlement ruling as well. The untimely request of the current redaction motion means the relief it seeks has been mooted by subsequent events, which

a claimant can only avoid by acting in accordance with the Vaccine Rules' timeframe for seeking redaction.

At this point, the harm Petitioner alleges stemming from public disclosure of the fact that he suffered a vaccine injury cannot be redressed by redaction – since disclosure of his name was made public via the December 2024 Ruling approximately two months prior to Petitioner's current motion. The more recent damages decision only discloses his name plus the amount of damages awarded (and he alleges no harm particular to the monetary aspect of the case). The relief requested by Petitioner is impossible for me to provide – underscoring the untimely nature of the request, and why it is properly denied.

## Conclusion

Accordingly, for the reasons set forth above, Petitioner's Motion for Leave to File Motion for Redactions Out of Time (ECF No. 31) is hereby **DENIED**.

IT IS SO ORDERED.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master